IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOMINIQUE HAIRSTON, | |
| Petitioner, | **8:21CV352** |
| vs. | |
| SCOTT R. FRAKES, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before me on Respondent's Motion for Summary Judgment. (Filing 10.) Respondent filed the relevant state court records (filing 11) and a brief in support (filing 12). Petitioner Dominique Hairston filed a brief in opposition (filings 14 & 15), and Respondent filed a reply (filing 17). Respondent argues Hairston's Petition for Writ of Habeas Corpus (filing 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree and will dismiss the petition with prejudice.

## I. FACTS

1. Following a jury trial, Hairston was found guilty of Unlawful Discharge of a Firearm, a Class ID felony, and Use of a Deadly Weapon (Firearm) to Commit a Felony, a Class IC felony. (Filing 11-4 at CM/ECF pp. 22–23, 60.) Thereafter, the state district court sentenced Hairston to consecutive terms of 20 to 30 years' imprisonment for each conviction. (*Id*. at CM/ECF pp. 105–07.) The convictions and sentences were for an incident that occurred on or about July 30, 2015. (*Id*. at CM/ECF pp. 22–23.)

2. On October 5, 2016, Hairston appealed. (Filing 11-2 at CM/ECF p. 2.)

3. On December 1, 2017, the Nebraska Supreme Court affirmed Hairston's convictions and sentences. (Filing 11-2 at CM/ECF p. 4; Filing 11-6); *State v. Hairston*, 298 Neb. 251, 904 N.W.2d 1 (2017).

4. On December 21, 2018, Hairston filed a motion for postconviction relief in the state district court. (Filing 11-5 at CM/ECF pp. 2–21.) The state district court subsequently denied Hairston's motion without an evidentiary hearing. (*Id*. at CM/ECF pp. 42–48.)

5. On September 27, 2019, Hairston appealed. (Filing 11-3 at CM/ECF p. 2.)

6. On May 26, 2020, the Nebraska Court of Appeals affirmed the judgment. (Filing 11-7); *State v. Hairston*, No. A-19-944, 2020 WL 2891961 (Neb. Ct. App. May 26, 2020) (unpublished opinion). The case was mandated on August 11, 2020. (Filing 11-3 at CM/ECF p. 4.)

7. On September 9, 2021, Hairston filed his habeas petition in this court. (Filing 1.) Thereafter, this court entered an order that required Respondent to file a motion for summary judgment or state court records in support of an answer. (Filing 7.)

## II. ANALYSIS

Respondent submits that Hairston's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Respondent is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Hairston's conviction became final on March 1, 2018, which is ninety days after the Nebraska Supreme Court affirmed Hairston's conviction on direct appeal and his deadline to petition for a writ of certiorari with the United States Supreme Court expired. *See Gonzalez v. Thaler*, 656 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from March 1, 2018.

The statute of limitations was tolled during the pendency of Hairston's state postconviction action beginning on December 21, 2018, which means that 295

days expired after the one-year statute of limitations period began running on March 1, 2018. *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'"). Hairston's postconviction proceedings remained pending until August 11, 2020, when the Nebraska Court of Appeals issued its mandate in Hairston's postconviction appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court).[1] Over one year elapsed between the conclusion of Hairston's state postconviction proceedings and the filing of his habeas petition on September 9, 2021. Thus, Hairston's habeas petition was filed well over one year after his conviction became final and is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A).

Hairston does not dispute that his petition was filed out of time. However, Hairston asserts that he is entitled to equitable tolling and application of the miscarriage of justice exception to avoid the procedural bar of the statute of limitations. (Filing 15.)

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id*. (internal

---

[1] I note that Petitioner alleged he filed a petition for writ of certiorari with the U.S. Supreme Court regarding his state postconviction proceedings. (Filing 1 at CM/ECF pp. 6, 9, 10–11.) However, the records attached to Hairston's petition show that his petition for certiorari was not accepted because it was untimely. (*Id*. at CM/ECF pp. 24–25.)

quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Hairston has failed to meet that burden.

Hairston generally asserts that he has been diligently pursuing his rights, but he cites only to his state court proceedings in support of that assertion. (Filing 15 at CM/ECF pp. 1–2.) Hairston also claims that several impediments hindered his ability to timely file his petition, namely his struggles to acquire legal aide assistance in prison, "lockdowns for days at a time, which precluded inmates from a[cc]essing the prison law library," and several 14-day quarantines due to the COVID-19 pandemic "during a substantial time period from February, 2020, throughout the whole year of 2020, . . . [and] even in beginning months of January, 2021." (*Id.* at CM/ECF p. 2; *see also* Filing 9 at CM/ECF p. 3.) Hairston's conclusory arguments regarding diligence are unavailing, especially since he waited 295 days before filing his state postconviction motion on December 21, 2018, well before the pandemic occurred. Nor do Hairston's claimed impediments suggest the kind of extraordinary circumstances that would warrant equitable tolling. Hairston offers no specific facts to suggest how the periodic lockdowns and quarantines prevented him from timely filing his habeas petition in this court. Even if Hairston's movement and access to the library was very limited throughout 2020 and into the beginning of 2021, he offers no explanation as to why he waited another approximately eight months to file his petition. On the record before me, I find that Hairston has failed to demonstrate that equitable tolling of the statute of limitations is warranted. *See Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (rejecting the contention that petitioner's inability to access a law library made "it impossible to file a petition on time"); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *Dragasits v. Covello*, 3:21-CV-1459-CAB-MDD, 2022 WL 207730, at *7–8 (S.D. Cal. Jan. 24, 2022) (noting that most courts addressing the issue "have found that general claims of prison lockdowns and lack of access to the prison law library as a result of the COVID-19 pandemic" alone are insufficient to constitute the

extraordinary circumstances required to permit equitable tolling); *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520 (D. Neb. Sept. 23, 2020) (even if petitioner raised the doctrine of equitable tolling, the limitations of the COVID-19 lockdown—which limited petitioner's access to legal documents from the law library and prevented him from making copies—did not justify equitable tolling).

Hairston also argues that the claims presented in his habeas petition "exhibit an 'actual innocence' claim" which allows him to avoid the statute of limitations bar. (Filing 15 at CM/ECF p. 4.) In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. To invoke the miscarriage of justice exception, a petitioner must support his allegations of actual innocence with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation omitted). The actual innocence standard is a "demanding" one, and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Hairston offers no new, reliable evidence in support of his actual innocence claims, and nothing in his habeas petition remotely suggests a "convincing actual innocence claim" as Hairston professes in his brief. (Filing 15 at CM/ECF p. 4.) As such, I find that application of the miscarriage of justice exception is unwarranted.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that Hairston is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 10) is granted.

2. Petitioner's habeas petition (filing 1) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 13th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge